UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VINCENT CREHAN and KATHRYN EHRIG,<br><br>      Plaintiffs,<br><br>  v.<br><br>JEFFREY B. RICHARDSON, RON GIZA, KAREN NOVO, PATRICK DALTON, in their capacities as Trustees of the Amalgamated Transit Union Local 1342 Niagara Frontier Transit Metro System Pension Fund; AMALGAMATED TRANSIT UNION LOCAL 1342 NIAGARA FRONTIER TRANSIT METRO SYSTEM PENSION FUND; AMALGAMATED TRANSIT UNION LOCAL 1342 NIAGARA FRONTIER TRANSIT METRO SYSTEM PENSION PLAN; MARK L. STULMAKER; and JULES L. SMITH,<br><br>      Defendants. | **NOTICE OF REMOVAL**<br><br>Civil Action No. _____ |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. Sections 1441 and 1446, Defendants Jeffrey B. Richardson, Ron Giza, Karen Novo, Patrick Dalton, in their capacities as Trustees of the Amalgamated Transit Union Local 1342 Niagara Frontier Transit Metro System Pension Fund ("Trustees"), the Amalgamated Transit Union Local 1342 Niagara Frontier Transit Metro System Pension Fund ("Fund"), and the Amalgamated Transit Union Local 1342 Niagara Frontier Transit Metro System Pension Plan ("Plan") (the Trustees, Fund, and Plan are collectively referred to as "Fund Defendants"), by and through their undersigned attorneys, Blitman & King LLP, hereby remove the action bearing the same title and bearing Index No. 814046/2021

{B0230891.1}

("State Court Action") from New York State Supreme Court, Erie County, to the United States District Court for the Western District of New York, and respectfully state as follows:

1. **State Court Action**. Plaintiffs Vincent Crehan and Kathryn Ehrig (collectively "Plaintiffs") commenced this action against Defendants on or about October 12, 2021, upon the filing of a Summons and Complaint in New York State Supreme Court, Erie County (Index No. 814046/2021). True and correct copies of the Summons and Complaint are annexed hereto as "Exhibit A."

2. **Process, Pleadings, and Orders**. Upon information and belief, the Summons and Complaint comprise the only process, pleadings, or papers in this action. No orders have been served on Fund Defendants.

3. **Nature of the Removed Action**. The Court has original jurisdiction because this is a civil action alleging claims that "aris[e] under the Constitution, laws, or treaties of the United States" under 28 U.S.C. Section 1331. Specifically, this is an action brought by two pension-plan participants who challenge the legality of an adverse benefit determination made by the plan's trustees and required by federal law.

4. On January 21, 2021, Fund Defendants issued a determination that Plaintiffs had not "retired" within the meaning of Section 401(a) of the Internal Revenue Code and within the meaning of the Pension Plan when they began receiving early retirement benefits in 2014 and 2015 while they continued working for their employer and, thus, received overpayments that must be recouped by the Fund. *See* Ex. A (Compl.) ¶¶ 1-4, 49-52.

5. That determination was based on and compelled by the Internal Revenue Code and Internal Revenue Service ("IRS") regulations and guidance.[1] *See* Ex. A (Compl.) ¶¶ 60, 64, 66, 80, 83, 92-93. That determination was also required by a "Compliance Statement" issued by the IRS pursuant to its Employee Plans Compliance Resolution System ("EPCRS") Voluntary Correction Program. *See* Ex. A (Compl.) ¶¶ 88, 90, 93, 124, 129.

6. Plaintiffs allege in the Complaint that Fund Defendants' determination was contrary to law, i.e., the Internal Revenue Code and IRS regulations and guidance, and arbitrary and capricious, despite the fact that it was required by the Compliance Statement issued by the IRS pursuant to its EPCRS Voluntary Correction Program. Ex. A (Compl.) ¶¶ 60, 64, 66, 80, 83, 92-93; *see also* ¶ 91 (Fund Defendants "acted arbitrarily and capriciously and *contrary to law*, and their January 21, 2021 Determination were [sic] affected by an *error of law*, due, in whole or in part to negligent, ignorant, or reckless disregard for the facts and *applicable law* . . . ." (emphases added)). The opening substantive paragraph of the January 21, 2021 Determination challenged by Plaintiffs provided that: "As outlined in more detail below, interpreting and applying the applicable statutes and regulations, the Internal Revenue Service holds . . . " and

---

[1] The Fund is a qualified governmental pension plan pursuant to Section 401 of the Internal Revenue Code, 26 U.S.C. § 401. Article XI, Section 8 the Fund's Plan of Pension Benefits (i.e., the Pension Plan)—which has been incorporated into the Complaint by reference (*see* Ex. A (Compl.) *passim*), provides: "Qualification under the Code. The Plan is established with the intent that it be a qualified plan under Section 401 of the Internal Revenue Code of 1986, as amended from time to time." *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) (a complaint is deemed to include documents incorporated in it by reference or integral to the complaint). Therefore, the Fund's payment of pension benefits in contravention of the Internal Revenue Code and IRS regulations would constitute an operational failure and a qualification failure that would have to be corrected in order to maintain the Fund's qualified status.

went on to cite Section 401(a) of the Code.[2]  That is the part of the determination that Plaintiffs claim is "contrary to law."

7. Plaintiffs assert causes of action for a declaratory judgment, permanent injunction, breach of contract, breach of fiduciary duty, equitable estoppel, and negligence, all of which necessarily rely on the legality of Fund Defendants' determination that Plaintiffs had not "retired" when they began receiving early retirement benefits and, thus, received overpayments that must be recouped by the Fund—a determination that was based on and compelled by the Internal Revenue Code, IRS regulations and guidance, and the Compliance Statement issued by the IRS.  Ex. A (Compl.) ¶¶ 56-145.

8. Plaintiffs seek a judgment: (a) declaring that Plaintiffs are entitled to their "full" (i.e., unreduced) pension benefit; (b) annulling the adverse benefit determination; (c) directing the trustees to restore Plaintiff's "full" (i.e., unreduced) pension benefit; (d) awarding money damages to Plaintiffs in the amount of the reduced pension benefits plus interest; and (e) awarding reasonable attorney fees and costs.  Ex. A (Compl.) at 18-19.

9. **Grounds for Removal**.  This action is within the Court's removal jurisdiction because it is "[a] civil action brought in a State court of which the district courts of the United States have original jurisdiction" under 28 U.S.C. Section 1441(a).  The Court has original jurisdiction because this is a civil action alleging claims that "aris[e] under the Constitution, laws, or treaties of the United States" under 28 U.S.C. Section 1331.

---

[2] The Complaint also incorporates the January 21, 2021 Determination by reference.  Ex. A (Compl.) *passim*; *see Chambers*, 282 F.3d at 152-53.

10. According to the Supreme Court, a case "arise[s] under" the laws of the United States "if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 13 (1983). This is so "[e]ven though state law creates [the plaintiff's] causes of action . . . ." *Id.*

11. "Th[is] doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (citation omitted).

12. Thus, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met . . . , jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable*, 545 U.S. 313-14).

13. In this case, Plaintiffs have raised federal issues. The dispute in this action hinges on whether Plaintiffs "retired" from their employment within the meaning of the Internal Revenue Code and IRS regulations and guidance, when they claimed early retirement pension benefits while they continued working for their "employer," also as defined under the Internal Revenue Code and related regulations. Put another way, if Plaintiffs cannot prove that they

"retired" within the meaning of Section 401(a) of the Internal Revenue Code and related regulations, they cannot prevail in this action.

14. It also hinges on whether the Fund's recoupment of early retirement pension benefits that Plaintiffs obtained while they continued to work for their employer was lawful under the Internal Revenue Code, including its "anti-cutback" statute, 26 U.S.C. § 411(d)(6). Similarly, this action directly presents whether the Trustees acted arbitrarily and capriciously and/or contrary to law by relying on certain IRS Revenue Procedures and a Compliance Statement issued by the IRS concerning the Trustees' obligation to seek the recoupment of benefits pursuant to the IRS's EPCRS. *See, e.g.*, Ex. A (Compl.) ¶¶ 91-93. (In addition, Plaintiffs' allegations necessarily raise important federal issues involving whether the Fund's federal tax-exempt status is at risk if it does not comply with the IRS's Compliance Statement.)

15. Indeed, Plaintiffs allege that the "Plan or the Trustees or the Attorney Defendants . . . acted arbitrarily and capriciously and *contrary to law*, and their January 21, 2021 Determination (sic) were affected by an *error of law*, due, in whole or in part to negligent, ignorant, or reckless disregard for the facts and *applicable law* . . . ." Ex. A (Compl.) ¶ 91 (emphases added). The "law" Plaintiffs refer to is Section 401(a) of the Internal Revenue Code, 26 U.S.C. § 401(a), and IRS regulations and guidance, which require that employees who seek an early retirement benefit "retire" from their employer. Thus, Plaintiffs have necessarily raised issues concerning the legality of the adverse benefit determination under federal law.

16. Second, the federal issues are actually disputed. Fund Defendants issued a determination that Plaintiffs had not "retired" when they began receiving early retirement benefits and, thus, received overpayments that had to be recouped by the Fund. *See* Ex. A

(Compl.) ¶¶ 1-4, 49-52.  That determination was based on and compelled by the Internal Revenue Code and Internal Revenue Service ("IRS") regulations and guidance. *See* Ex. A (Compl.) ¶¶ 60, 64, 66, 80, 83, 92-93.  That determination was also required by a Compliance Statement issued by the IRS pursuant to its EPCRS Voluntary Correction Program.  *See* Ex. A (Compl.) ¶¶ 88, 90, 93, 124, 129.  Plaintiffs, on the other hand, allege that the adverse benefit determination was arbitrary and capricious and actually *contrary* to federal law, and, thus, should be overturned.  As such, the federal issues are plainly in dispute.

17. Third, the federal issues are substantial because they implicate "a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable*, 545 U.S. at 313.  As Plaintiffs repeatedly acknowledge in the Complaint, the adverse benefit determination was based on the Internal Revenue Code, IRS Revenue Procedures, IRS guidance, and an agreement, or "Compliance Statement," between the IRS and Fund Defendants.  *See, e.g.*, Ex. A (Compl.), ¶¶ 60, 64, 66, 80, 83, 92, 93.  As explained above, the adjudication of Plaintiffs' claims—e.g., whether the trustees' determination was arbitrary and capricious, contrary to law, and/or based on an error of law—will necessarily implicate important federal issues, including, but not limited to: what it means to "retire" under Internal Revenue Code and IRS regulations; when a plan has a right or obligation to seek recoupment of overpaid benefits under the Internal Revenue Code and IRS regulations; and the legitimacy and authority of IRS Compliance Statements issued under its EPCRS Voluntary Correction Program.

18. These federal issues presented by the Complaint are core to the Federal Government's administration of the tax laws.  Compliance with 401(a) is central to the administration of the federal tax laws surrounding tax exempt retirement plans.  Ignoring that

law would jeopardize the tax-exempt status of the Fund; disrupt the administration of the Voluntary Compliance Program (*see* IRS Revenue Procedure 2021-30 (noting purpose of IRS's EPCRS is to "permit[] Plan Sponsors to correct . . . failures and thereby continue to provide their employees with retirement benefits on a tax-favored basis")); and nullify the Compliance Statement issued in this case, which recognized that Plaintiffs had not retired when they took early retirement benefits and also required the Fund to recoup the monies paid to them or face possible loss of the Fund's favorable tax treatment under the IRC.  To be sure, these federal issues are substantial within the meaning of applicable precedent.

19.     Finally, the federal issues are capable of resolution in federal court without disrupting the federal-state balance approved by Congress.  The Court's exercise of jurisdiction in this case would not broadly impact other actions challenging adverse pension benefit determinations unless they, like the present case, directed pointed attacks at federal legal principles, guidance, and agency-level compliance directives.  In other words, there is no "special state interest in a category of litigation, or an express congressional preference to avoid federal adjudication" present here.  *N.Y. ex rel. Jacobson v. Wells Fargo*, 824 F.3d 308, 316 (2d Cir. 2016).

20.     **Timelines of Removal**.  This removal is proper and timely under 28 U.S.C. Sections 1441 and 1446(b), because the Notice of Removal has been filed within thirty (30) days after the receipt by Fund Defendants, through service or otherwise, of a copy of the Complaint.

21.     **Other Defendants Consent to Removal**.  The other defendants in this action—Mark L. Stulmaker and Jules L. Smith—have consented to the removal of the action.   True and

correct copies of the Defendant Stulmaker's and Defendant Smith's consents to removal, executed by their counsel, are annexed hereto as "Exhibit B."

22. **Notice to Adverse Parties and State Court**.  Promptly after the filing of this Notice of Removal, Fund Defendants will give written notice thereof to Plaintiffs and will file a true and correct copy of the Notice of Removal with the Clerk of the New York State Supreme Court, Erie County.  Fund Defendants will thereafter file with the Clerk of this Court a Certificate of Notice to Adverse Parties and State Court.

23. **Relief**.  It is respectfully submitted that this action is hereby removed to the United States District Court for the Western District of New York pursuant to 28 U.S.C. Sections 1441 and 1446.

24. **Reservation of All Defenses and Objections**.  Fund Defendants reserve the right to assert any and all defenses and objections in this action.  *See Cantor Fitzgerald L.P. v. Peaslee*, 88 F.3d 152, 157 n.4 (2d Cir. 1996) ("Removal does not waive any Rule 12(b) defenses.").

DATED:  November 11, 2021

                                                **BLITMAN & KING LLP**

                                                s/ *Brian J. LaClair*
                                                Brian J. LaClair
                                                Daniel R. Brice
                                                Franklin Center, Suite 300
                                                443 North Franklin Street
                                                Syracuse, New York 13204
                                                Tel.: (315) 422-7111
                                                Fax: (315) 471-2623
                                                Email:  bjlaclair@bklawyers.com
                                                           drbrice@bklawyers.com

*Attorneys for Defendants Jeffrey B. Richardson, Ron Giza, Karen Novo, Patrick Dalton, in their capacities as Trustees of the Amalgamated Transit Union Local 1342 Niagara Frontier Transit Metro System Pension Fund, the Amalgamated Transit Union Local 1342 Niagara Frontier Transit Metro System Pension Fund, and the Amalgamated Transit Union Local 1342 Niagara Frontier Transit Metro System Pension Plan*